1

2

3

4

5

6

7

8

9

10

11

**United States District Court**
For the Northern District of California

12

13

14

15

16

17

18

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEO GONZALEZ,                                           No. C 10-5804 WHA

               Petitioner,

    vs.                                              **ORDER TO SHOW CAUSE**

WARDEN RANDY GROUNDS,

               Respondent.

_____/

19

20

21

22

23

24

25

26

27

28

     Petitioner, a prisoner currently incarcerated in California, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging his continued confinement.

     According to the petition, in 1980 the Los Angeles County Superior Court judged petitioner convicted of one count of second degree murder (Cal. Penal Code § 187), with an enhancement for use of a firearm (Cal. Penal Code § 12022.5).  Petitioner was sentenced to seventeen years to life.  He has been eligible for parole since February 10, 1990.  His petition challenges the validity of the decision of the Board of Parole Hearings to deny his release on parole on October 27, 2008.  Petitioner's state habeas petition was denied in Superior Court, the Court of Appeal, and the Supreme Court.

     A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

As grounds for federal habeas relief, petitioner claims that the evidence before the Board and state courts was insufficient to support a finding that Gonzalez still poses a risk of danger to the public if released on parole, and thus his continued incarceration violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

Liberally construed, this claim is sufficient to require a response.

1.   The Clerk shall mail a copy of this order and the petition with all attachments to respondent and the respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on petitioner's counsel.

2.   Respondent shall file with the Court and serve on petitioner, within **NINETY DAYS** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the cognizable claims in the petition, as identified above.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **THIRTY DAYS** of the date the answer is filed.

3.   Respondent may file, within **NINETY DAYS**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of nonopposition within **THIRTY DAYS** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **FIFTEEN DAYS** of the date any opposition is filed.

4.   Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must

comply with court orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: January 10, 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California