IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEO GONZALEZ,

          Petitioner,

vs.

WARDEN RANDY GROUNDS,

          Respondent.
                                       /

No. C 10-5804 WHA

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING HABEAS PETITION**

      Petitioner Leo Gonzalez is an inmate in state prison, serving an indeterminate sentence of seventeen-years-to-life following his 1980 conviction for second-degree murder (Petition 2). On October 27, 2008, the State of California Board of Parole Hearings determined that his release would pose an unreasonable risk of danger to the public and denied him parole (Petition Exh. E at 69–81). After unsuccessfully seeking relief in state court, Gonzalez filed a petition for writ of habeas corpus in our federal district court under 28 U.S.C. 2254. The petition alleges that the Board's parole denial was not supported by sufficient evidence under California's "some evidence" standard and requests relief in the form of an order directing the State to release petitioner on parole.

      Respondent has moved to dismiss the petition in this matter for failure to state a federal question on which relief could be granted. Pursuant to the *Swarthout v. Cooke*, 131 S.Ct. 859,

1   863 (2011), "the responsibility for assuring that the constitutionally adequate procedures
2   governing California's parole system are properly applied rests with California courts, and is no
3   part of the Ninth Circuit's business." So long as parole petitioners were "allowed to speak at
4   their parole hearings and to contest the evidence against them, were afforded access to their
5   records in advance, and were notified as to the reasons why parole was denied," they have been
6   afforded federal due process in the liberty interest provided to them by the State and there is no
7   other federal question properly presented in a habeas petition brought to federal court. *Id.* at
8   862 (citations omitted).

9   The petition does not claim that the procedural due process requirements just identified
10  were not provided in this case — they were (Petition Exh. E). Instead, the petition challenges
11  the substance of the parole board's decision. Petitioner's opposition to the respondent's motion
12  to dismiss is devoted to arguing that *Swarthout* was wrongly decided.* Unfortunately for
13  petitioner, *Swarthout* is binding law and this order must — and shall — apply it. Petitioner asks
14  that despite *Swarthout* this Court should grant relief to correct "a violation of Petitioner's
15  federal constitutional right to procedural due process by an arbitrary decision based on an
16  arbitrary finding of fact" (Opp. 9). This is merely an attempt to get this Court to review
17  substantive decisions by the parole board, which *Swarthout* prohibits. Petitioner was provided
18  the procedural due process to which he was entitled because he was allowed to speak at his
19  parole hearing and to contest the evidence against them, was afforded access to his records in
20  advance, and was notified as to the reasons why parole was denied.

21  The instant petition challenges the substantive decision of the State parole board. As
22  made clear by the United States Supreme Court, this is none of our business. It does not state a
23  federal claim on which relief could be granted, because it does not present a federal question.

---

* In petitioner's opposition to the motion to dismiss, counsel state in conclusory fashion that "Gonzalez was denied [parole procedures] in the instant case" (Opp. 6; *see also* Opp. 9). Such contention is not taken up in analysis, and counsel proceeds to devote their brief to arguing that *Swarthout* was wrongly decided. Such passing conclusory statement is not enough to save a petition that does not state a federal claim under binding law.

Therefore, in keeping with the Supreme Court's clear guidance, respondent's motion to dismiss is **GRANTED**, and the petition for writ of habeas corpus is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed. Petitioner has failed to make a substantial showing that a reasonable jurist would find this order's dismissal of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  June 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3